**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THQ INC., et al., | : | |
| | : | Case No. 12-13398 (MFW) |
| Debtors. | : | (Substantively Consolidated) |
| _____ | : | |
| THQ INC., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. No. 14-51079 (MFW) |
| | : | |
| STARCOM WORLDWIDE, INC., et | : | |
| al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**MEMORANDUM OPINION**[1]

Before the Court are two Motions to Dismiss[2] the preference

and fraudulent transfer complaint (the "Complaint") filed by THQ

Inc. (the "Plaintiff") for failure to state a claim upon which

relief can be granted.  The Court will grant the Motions to

---

[1]    The Court is not required to state findings of fact or conclusions of law, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.  Accordingly, the facts recited are those averred in the Complaint, which must be presumed as true for the purposes of the Motion to Dismiss.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[2]    The Movants are: Starcom Worldwide, Inc., Starcom MediaVest Group, Inc., MediaVest Worldwide, TMG MacManus Canada, Inc., and VivaKi, Inc. (the "Starcom Defendants"), and A&E Television Networks, LLC, Bleacher Report, Inc., Turner Broadcasting System, Inc., Turner Entertainment Networks Inc., Fox Entertainment Group, Inc., FX Networks LLC, NBCUniversal Media, LLC (the "Media Defendants") and Microsoft Online, Inc. (Adv. D.I. 29 & 40.)  The Plaintiff has since voluntarily dismissed its claims against NBCUniversal Media, LLC.  (Adv. D.I. 74.)  Further, the Plaintiff and the Starcom Defendants have settled.  (Adv. D.I. 80.)

Dismiss the preference claim, because the Complaint fails to adequately allege the nature of the antecedent debt, the identities of the transferors and the transferees, and the dates of the alleged transfers.  The Court will also dismiss the fraudulent transfer claim, because the Plaintiff merely recites the statutory language without pleading sufficient facts in support of its claim.  Because there are no remaining avoidance claims, the Court will also dismiss the section 550 claim, the request for attorneys' fees and prejudgment interest, and the request to disallow claims under section 502.  The Court will grant the Plaintiff leave to amend its Complaint.

I.    <u>BACKGROUND</u>

The Plaintiff and certain of its wholly owned subsidiaries (collectively, the "Debtors") were leading developers and publishers of interactive entertainment software for popular gaming systems.  On December 19, 2012, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Petition Date").

Prior to the Petition Date, one or more of the Debtors entered into one or more agreements with the Starcom Defendants for media and marketing services (the "Starcom Agreements").  It is alleged that the Starcom Defendants subsequently entered into

2

one or more agreements with the Additional Defendants,[3] who operated media and advertisement businesses in various industries (the "Additional Agreements").

On December 19, 2014, the Plaintiff filed its Complaint seeking recovery of certain transfers as preference and/or fraudulent transfers from the Starcom Defendants and/or the Additional Defendants.  During the 90 days prior to the Petition Date (the "Preference Period"), the Starcom Defendants received transfers from the Debtors of at least $5,033,959.02.  (Complaint at ¶ 11 and Exhibit A.)  The Additional Defendants are alleged to have received one or more transfers from the Debtors and/or the Starcom Defendants during the Preference Period.  (Complaint at ¶¶ 11, 38.)  The Plaintiff further sought recovery of attorneys' fees pursuant to Rule 7008(b) and prejudgment interest, as well as disallowance of any claims pursuant to section 502.

The Movants filed Motions to Dismiss the Complaint.  (Adv. D.I. 29 and 40.)  Briefing on the Motions to Dismiss is complete and the matter is ripe for decision.  (Adv. D.I. 69 and 73.)

II.  JURISDICTION

The Court has subject matter jurisdiction over this

---

[3]     The Plaintiff filed its Complaint against more than 230 defendants, some named and some unnamed.  The Media Defendants and Microsoft Online, Inc., belong to a larger group of defendants defined in the Complaint  as "Additional Defendants."

adversary proceeding.  28 U.S.C. §§ 157 and 1334.

III. <u>DISCUSSION</u>

    A.   <u>Standard of Review</u>

        1.   <u>Rule 12(b)(6)</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, governs a motion to dismiss for failure to state a claim. <u>Joseph v. Frank (In re Troll Commc'ns, LLC)</u>, 385 B.R. 110, 116 (Bankr. D. Del. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  At this stage in the proceeding, it is not a question of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>abrogated on other grounds by</u>, <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-15 (1982).

Since the <u>Twombly</u> and <u>Iqbal</u> decisions, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading . . . ." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  This new standard requires "a plaintiff to plead more than the possibility of relief to survive

a motion to dismiss." Id.  It is insufficient to provide
"threadbare recitals of a cause of action's elements, supported
by mere conclusory statements . . . ." Iqbal, 129 S. Ct. at 1940
(citing Twombly, 550 U.S. at 555).  Under the heightened
standard, a complaint "must contain either direct or inferential
allegations respecting all the material elements necessary to
sustain recovery under some viable legal theory." Twombly, 550
U.S. at 562 (citation omitted).  The Court, in order to determine
whether a claim meets this requirement, must "draw on its
judicial experience and common sense." Burtch v. Huston (In re
USDigital, Inc.), 443 B.R. 22, 35 (Bankr. D. Del. 2011) (citation
omitted).

The Third Circuit has articulated a two-part analysis to be
applied in evaluating a complaint. Fowler, 578 F.3d at 210-11.
First, the court "must accept all of the complaint's well-pleaded
facts as true, but may disregard any legal conclusions." Id. at
210-11 (citation omitted).  Second, the court must determine
"whether the facts alleged in the complaint are sufficient to
show that the plaintiff has a 'plausible claim for relief.'" Id.
at 211 (citation omitted).

The moving party has the burden of demonstrating that
dismissing the complaint is appropriate. Troll Commc'ns, 385
B.R. at 117 (citation omitted).

B.    <u>Preferential Transfers</u>

The Plaintiff alleges that if the Starcom Defendants assert that they were not the initial, intermediate or mediate transferees of the Transfers or the persons for whose benefit the Transfers were made, then the Additional Defendants were the initial, intermediate or mediate transferees of the Transfers. (Complaint at ¶ 33.)  The Plaintiff also asserts that it may learn, through discovery or otherwise, of additional transfers that might have been made.

The Movants argue that the Plaintiff fails to specifically identify <u>any</u> transfer made to any of them but instead merely recites the statutory elements of section 547(b).  The Movants contend that the preference claim must be dismissed because the Complaint is devoid of particularized facts with respect to the nature and amount of each antecedent debt, the dates on which the transfers were made, and the identities of the transferors and the transferees.  The Movants contend that the alleged preferential transfers must be identified with particularity to ensure that they received sufficient notice with respect to what transfers are at issue as to them.  <u>See, e.g.</u>, <u>Pardo v. Gonzaba (In re APF Co.)</u>, 308 B.R. 183, 188-89 (Bankr. D. Del. 2004) (stating that a preference complaint must identify the nature and amount of each antecedent debt, each transfer by date, amount, name of the transferor, and name of transferee (<u>citing</u> <u>Valley</u>

6

Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.), 288 B.R. 189, 192 (Bankr. D. Del. 2003)).  The Movants further argue that the Plaintiff should not be allowed to engage in discovery until it has properly pled its Complaint because Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Sanchez v. AFA Foods, Inc., et al. (In re AFA Investment, Inc.), 2012 WL 6544945, *4 (Bankr. D. Del. Dec. 14, 2012) (quoting Iqbal, 556 U.S. at 678-79).

The Plaintiff responds that it has met the pleading requirements to survive the Motions to Dismiss.  Specifically, the Plaintiff contends that the Complaint and Exhibit A, when read together, sufficiently identify the transfers at issue.

A preference complaint, in order to survive a motion to dismiss, must include: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date [of the transfer], (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer."  OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.), 340 B.R. 510, 521-22 (Bankr. D. Del. 2006); Valley Media, Inc., 288 B.R. at 192.  See also Anderson News, LLC v. The News Grp., Inc. (In re Anderson News, LLC), No. 09-10695 (CSS), 2012 WL 3638785, at *2 (Bankr. D. Del. Aug. 22, 2012) (concluding that "the Valley Media/Oakwood Homes standard is entirely consistent with Twombly/Iqbal and

<u>Fowler</u>").  In a case with multiple debtors, as here, the Complaint must sufficiently allege which debtor owed the antecedent debt and that the same debtor made the preferential transfer.  <u>See, e.g.,</u> <u>Michalski v. State Bank and Trust (In re Taco Ed's, Inc.)</u>, 63 B.R. 913, 925 (Bankr. N.D. Ohio 1986) ("Where an obligation of the debtor is satisfied with property of a third party, or where the obligation which is satisfied is not owed by the debtor, there is no transfer which is subject to recovery under [section] 547(b).").

The Court agrees with the Movants that the Complaint does not adequately identify the transferors and the transferees, the nature of the antecedent debt, and the dates of the alleged transfers to the Additional Defendants.  There are no specific allegations of what transfers were actually made to the Additional Defendants and by whom.  The Plaintiff acknowledges that Exhibit A only identifies transfers made to the Starcom Defendants by one or more of the Debtors.  (Complaint at ¶ 11.) With respect to the Additional Defendants, the Plaintiff asserts that the "Starcom Defendants may have made one or more transfers . . . [to] the Additional Defendants."  (Complaint at ¶¶ 11, 33.) With respect to the identity of any antecedent debt which the transfers paid, the Plaintiff merely alleges that "the Transfers were made for or on account of an antecedent debt owed by one or more of the Debtors to the Additional Defendants before the

8

Transfers were made." (Complaint at ¶ 38.) With respect to the
nature of the antecedent debt, the Complaint merely alleges that
"the Starcom Defendants and the Additional Defendants may have
entered into one or more agreements for . . . media and
advertising products and services . . . , which the Plaintiff
believes are evidenced by invoices, communications, and other
documents . . . [and that] the Debtors were indebted to the
Additional Defendants under the terms of the Additional
Agreements." (Complaint at ¶ 10.)

This is not sufficient to survive a motion to dismiss.
Iqbal, 556 U.S. at 678. Consequently, the Court will dismiss the
preference claim. The Court further concludes that the Plaintiff
is not allowed to engage in discovery until it has properly pled
its Complaint.

C.    Fraudulent Transfer Pursuant to Section 548

The Movants argue that the Complaint also fails to properly
assert a fraudulent transfer claim against them. Once again,
they argue that the Complaint merely paraphrases the language of
section 548(a)(1)(B) without providing any supporting facts.

The Plaintiff contends that it has satisfied the pleading
standard.

The Court agrees with the Movants. The Complaint is devoid
of any factual allegations to support the fraudulent transfer
claim as to the Additional Defendants. For example, the

9

Plaintiff does not plead any facts to support its allegation that the Debtors received less than reasonably equivalent value for the payments.  See, e.g., Charys Liquidating Trust v. Growth Mgmt., LLC (In re Charys Holding Co., Inc.), No. 08-10289 (BLS), 2010 WL 2774852, at *7 (Bankr. D. Del. July 14, 2010) (noting that one factor in determining whether a transfer is fraudulent is "the difference between the amount paid and the market value" of the consideration given (citations omitted)).

The Plaintiff's allegations with respect to the Debtors' insolvency are similarly conclusory.  The Plaintiff merely alleges that the Debtors were insolvent at the time of the transfers, without citing any facts which support that legal conclusion.  Cf., Charys Holdings Co., 2010 WL 2774852, at *6 (finding that the plaintiff satisfied the pleading requirement with respect to pleading insolvency where plaintiff presented facts related to the debtor's balance sheet information and asset valuation).

More problematic is that the Plaintiff did not even identify what transfers were made to the Movants.  This is not sufficient.  Consequently, the Court will dismiss the fraudulent transfer claim.

    D.  Claim Pursuant to Section 550(a)

The Plaintiff also seeks to recover the avoided transfers pursuant to section 550(a).  The Movants argue that this count

10

should be dismissed because the Plaintiff has failed to allege
sufficient facts to state a claim that any transfers are
avoidable pursuant to sections 547 or 548.

The Court agrees with the Movants.  Because the Court is
granting the Motions to Dismiss the preference and fraudulent
transfer claims, there is no basis for a claim under section
550(a).  See, e.g., Burtch v. Huston (In re USDigital, Inc.),
443 B.R. 22, 40 (Bankr. D. Del. 2011) (denying a claim under
section 550 because the transfers at issue were not avoidable).

E.   Claim Pursuant to Section 502(d)

The Plaintiff also seeks to disallow the Movants' claims
under section 502(d).  The Movants argue that this claim should
be dismissed because there has been no judicial determination
that any of them received a preferential or fraudulent transfer.
See, e.g., Giuliano v. Mitsubishi Digital Elec. Am., Inc. (In re
Ultimate Acquisition Partners, LP), No. 11-10245 (MFW), 2012 WL
1556098, at *3 (Bankr. D. Del. May 1, 2012) (citing In re Lids
Corp., 260 B.R. 680, 684 (Bankr. D. Del. 2001).

The Court agrees with the Movants.  See, e.g., Mountaineer
Coal Co., Inc. v. Liberty Mutual Ins. Co. (In re Mountaineer
Coal Co.), 247 B.R. 633, 647 (Bankr. W.D. Va. 2000) (noting that
section 502(d) "would not appear applicable unless and until a
finding under [sections 547, 548] had been made").

Consequently, the Court will dismiss the 502(d) claim as

11

well.

    F.   <u>Recovery of Attorneys' Fees Pursuant to Rule 7008(b)</u>

    The Plaintiff alleges that it is entitled to attorneys' fees under Rule 7008(b). The Movants disagree and argue that the procedure for seeking an award of attorneys' fees is now set forth in Rule 7054(b)(2) and that such a claim must be made by motion filed no later than 14 days after entry of judgment unless the governing substantive law requires those fees to be proven at trial as an element of damages. Fed. R. Bankr. P. 7054(b)(2). The Movants call Plaintiff's request for attorneys' fees "premature, procedurally incorrect and without merit or substantive legal basis."

    The Court agrees with the Movants. As discussed, the Plaintiff has failed to adequately plead its preference and fraudulent transfer claims. The Plaintiff has not alleged any other basis upon which it would be entitled to attorney's fees. Consequently, the Court will dismiss this claim.

    G.   <u>Prejudgment Interest</u>

    The Plaintiff asserts that it is entitled to recover interest at the maximum amount permitted by law from the date of the transfers until the collection of judgment in this adversary proceeding. The Movants argue that the Court should dismiss this count because no judgment has yet been entered in favor of the Plaintiff.

The Court agrees with the Movants.  Because the Court will dismiss the preference and fraudulent transfer claims, the claim for prejudgment interest must be dismissed as well.

H.   Amendment of the Complaint

The Plaintiff, in its response to the Motions to Dismiss, requests that the Court grant it leave to amend the Complaint if it is found to be insufficient.  The Movants, with the exception of Microsoft Online, Inc.,[4] argue that the Court should deny this request because an amendment would be futile.  The Movants contend that the statute of limitations has expired and that an amendment would not relate back to the date of the original filing because the Complaint failed to provide sufficient notice to the Movants of <u>any</u> transfers specifically made to any of them.  <u>Burtch v. Henry Prod., Inc. D/b/a/ Henry's Pumps and Serv. (In re AE Liquidation, Inc.)</u>, No. 08-13031 (MFW), 2012 WL 32589 *2 (Bankr. D. Del. Jan. 6, 2012) (noting that "the most important factor in determining whether to allow an amended complaint to relate back to the date of the original filing is whether the original complaint provided the defendant with sufficient notice of what must be defended against in the amended pleading" (<u>quoting</u> <u>Peltz v. CTC Direct, Inc. (In re MBC</u>

---

[4]      Movant Microsoft Online, Inc., asserts that the Court should give the Plaintiff only one chance, if at all, to amend its Complaint, because the Plaintiff already had plenty of time to refine its claims.

<u>Greenhouse, Co.)</u>, 307 B.R. 787, 791-92 (Bankr. D. Del. 2004)).

Therefore, the Movants contend that the amended complaint would not be based on any of the facts and transactions pled in the Complaint, but would instead "interject an entirely new set of facts - and transfers - into the action." <u>See</u> <u>Golden v. The Guardian, (In re Lenox Healthcare, Inc.)</u>, 343 B.R. 96, 106 (Bankr. D. Del. 2006) (stating that "when the amended pleading does not rely upon the facts and transactions originally pled or plead them more specifically, but rather is based on new facts and different transactions, the proposed amendment will not relate back to the original pleading"). Rule 15(c) of the Federal Rules of Civil Procedure makes clear, that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct or transaction, or occurrence set out - or attempted to be set out in the original pleading . . . ." Fed. R. Civ. P. 15 (c).

Rule 15(a) provides that "t[]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

The Court finds that the <u>Lenox</u> case relied upon by the Movants is distinguishable. There, the original complaint simply referenced the dates and amounts of three payments along with the statutory elements of sections 547 and 548. The amended complaint sought to avoid new transfers made in

14

connection with, among other things, an Administrative Service Agreement that was not referenced in the original complaint. Id. at 106.  The Court denied leave to amend, noting that "[t]he Amended Complaint challenged new Transfers; it did not simply set forth new legal grounds or facts on which to avoid and recover the original Transfers."  Id.

Here, the Plaintiff in its Complaint (and Exhibit A) has identified specific transfers.  The Plaintiff may amend its Complaint so long as it relates only to those specific transfers.  This satisfies Rule 15(c) as the claim to be asserted in the amended pleading would arise "out of the conduct, transaction, or occurrence . . . attempted to be set out in the original pleading."  Fed. R. Civ. P. 15(c). Consequently, the Court will allow the Plaintiff to amend its Complaint within 30 days.

IV.  Conclusion

For the reasons set forth above, the Court will grant the Motions to Dismiss but will allow the Plaintiff to amend its Complaint.

An appropriate Order follows.

Dated: April 18, 2016                    BY THE COURT:

                                         Mary F. Walrath
                                         United States Bankruptcy Judge

15